(20 Misc. Rep. 666.)

## MACHAUER v. FOGEL.

(City Court of New York, General Term. July 2, 1897.)

ACTION ON CONTRACT—PAYMENT TO THIRD PERSON.

When one, who has contracted for the doing of work, pays or settles for the work done with strangers to the contract, without the consent of the party who did the work, he is not thereby discharged from his obligation to such party.

Appeal from trial term.

Action by Frank Machauer against Rube Robert Fogel. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCH-
MAN, JJ.

Townsend & Dyett, for appellant.
T. Darlington, for respondent.

VAN WYCK, C. J.    This is an appeal from a judgment entered
herein on a verdict rendered by a jury, and from the order denying a
motion for a new trial, made on the judge's minutes.    This action
was brought by plaintiff as assignee of a claim of one Abraham
Strauss against the defendant for work, labor, and services in printing
6,000 catalogues.    The facts of this case appear to be that the defend-
ant, Fogel, employed one Fragner to do a job of printing work; that
Fragner, after doing about one-fourth part of the work, was foreclosed,
so that he could not complete the job; that thereupon the defendant em-
ployed Strauss to take the work so far as done, and complete the job;
that, after Strauss had finished the work at another place, the defend-
ant, instead of paying Strauss therefor, conceived the idea that he
could make a better settlement with a former partner of Strauss (one
Michael), and gave him a check for $260 in full settlement of work
worth $496, and then compelled Michael, after getting a receipt, to
give the $260 to Fragner.    The payment to Michael or to Fragner by
the defendant was wholly without the consent of Strauss, and affects
no discharge of the defendant.    The case was fairly submitted to the
jury under an impartial charge, to which charge no exception was
taken, and they rendered a verdict in favor of the plaintiff.    The evi-
dence is amply sufficient to sustain that verdict.

Judgment appealed from affirmed, with costs.    All concur.